UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHERYL JOHNSON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:15CV01574 AGF |
| I.C. SYSTEM, INC., | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

This action for statutory damages under the Fair Debt Collection Practices Act ("FDCPA") is before the Court on the motion of Defendant I.C. System, Inc., for judgment on the pleadings. Defendant also requests attorney's fees under the Act on the ground that the action was brought in bad faith and for the purpose of harassment. For the reasons set forth below, the motion for judgment on the pleadings shall be granted. Defendant's request for fees shall be denied.

## **Motion for Judgment on the Pleadings**

Plaintiff filed this action on October 14, 2015, alleging that Defendant sent her a debt collection letter on or about August 7, 2015, in a double-windowed envelope which displayed Defendant's name, "I.C. System, Inc." in bold letters through the upper left hand corner window. Plaintiff claims that this violated the FDCPA by indicating to the public that the communication was from a debt

collector and that Plaintiff was a debtor.  Plaintiff alleges that Defendant's August 7, 2015 letter caused her embarrassment and anxiety.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is to be considered using the same standard as a motion to dismiss under Rule 12(b)(6).  *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012).

> In deciding a motion for judgment on the pleadings, the Court accepts all facts pled by the nonmoving party as true and draws all reasonable inferences from the facts in favor of the nonmovant.  This is a strict standard, as judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.

*Nielsen v. Union Sec. Ins. Co.*, No. 4:12CV01698 JAR, 2013 WL 3849970, at *1 (E.D. Mo. July 24, 2013) (citations omitted).

Congress enacted the FDCPA in 1977 to curb "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a).  The law prohibits "unfair or unconscionable means to collect or attempt to collect any debt" as a matter of "general application." *Id*. § 1692f.  Section 1692f provides a non-exhaustive list of examples of prohibited conduct, the eighth and last of which is "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram." *Id*. § 1692f(8).  The statute provides for an exception: "a debt collector may use his business name if such name does not indicate that he is in the debt

collection business." *Id.*

The Court agrees with Defendant that *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004), directly precludes Plaintiff's claim. In *Strand*, the Eighth Circuit Court of Appeals addressed whether a debt collector printing its name "D.C.S. Inc." above the return address violated § 1692f(8). The court observed that "Congress's intent in protecting consumers . . . would not be promoted by proscribing benign language because Congress enacted § 1692f(8) simply to prevent debt collectors from using symbols on envelopes indicating that the contents pertain to debt collection." *Strand*, 380 F.3d at 319. The *Strand* Court held that use of an abstract business name such as "D.C.S. Inc." has no real risk of disclosing that the debtor is the subject of a collection effort. *Id.*

The Court rejects Plaintiff's attempt to avoid the holding of *Strand* by arguing that because Plaintiff is one of the largest debt collection agencies in the United States, its name would be recognizable as a debt collector; and that a google search of "I.C. System, Inc.," shows that it is a debt collector. *See Lake v. Consumer Adjustment Co.*, No. 4:15CV01495 JCH, 2015 WL 8770719, at *3 (E.D. Mo. Dec. 14, 2015) (rejecting similar google argument). Plaintiff has cited no authority for its two arguments, and indeed, they run counter to the language of §1692f(8) which specifically allows a return name and address to be placed on the envelope, so long as the sender is not obviously identifiable as a debt collector.

**Request for Attorney's Fees**

Section 1692k(a)(3) of the FDCPA provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." This section "should be construed narrowly as not to discourage private litigation under the FDCPA. For an award to be made, there must be evidence that the plaintiff knew that his claim was meritless and that plaintiff pursued his claims with a purpose of harassing the defendant." *Velez v. Portfolio Recovery Assocs., Inc.*, 881 F. Supp. 2d 1075, 1085-86 (E.D. Mo. 2012) (citation omitted).

Neither Congress nor the Eighth Circuit has defined the phrase "bad faith and for the purpose of harassment," within the meaning of the FDCPA. The Court believes the following description from another court considering a motion for fees under §1692k(a)(3) by a prevailing defendant is apt: "The hallmark of a bad-faith lawsuit is one 'where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment.'" *Black v. Equinox Fin. Mgmt. Sols., Inc.*, 444 F. Supp. 2d 1271, 1275 (N.D. Ga. 2006) (quoting *Glick v. Koenig*, 766 F.2d 265, 270 (7th Cir. 1985)).

In the present case, there is binding Eighth Circuit case law holding that a debt collector with an abstract business name, such as Defendant's in this case, can

place its name on an envelope containing a collection letter, and the statutory language itself precludes Plaintiff's claim. Plaintiff has cited no cases that would support its theory of liability. Nevertheless, given Plaintiff's arguments with respect to advances in technology, and that Defendant is one of the largest debt collectors nationally, the Court believes that Plaintiff's claim – while lacking in merit – was brought in hopes of succeeding and not simply to harass. Under these circumstances, the Court does not believe it is proper to invoke 1692k(a)(3) to award fees to Defendant.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for judgment on the pleadings is **GRANTED**. (Doc. No. 9.)

**IT IS FURTHER ORDERED** that Defendant's request for attorney's fees is denied.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2016